UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK COX,<br><br>　　　　　　　　　　Plaintiff,<br>　-against-<br><br>GERMAN KITCHEN CENTER LLC,<br>GERMAN KITCHEN CENTER, NEW YORK,<br>LLC, and MAYAN METZLER,<br><br>　　　　　　　　　　Defendants. | Case No.:  17-6081<br><br>**AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Mark Cox (the "Plaintiff"), for his complaint against defendants German Kitchen Center LLC, German Kitchen Center, New York, LLC, and Mayan Metzler (collectively the "Defendant"), by and through his attorneys, Knox Law Group, PC, states and alleges as follows:

## NATURE OF THE CLAIMS

1. This is a civil action for declaratory relief and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices against Plaintiff, including, *inter alia*: (a) Defendant's violation of the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*) (the "FLSA") by failing to pay premium overtime wages; and (b) Defendant's violation of the New York Labor Law Articles 6 and 19, 12 N.Y.C.R.R. § 142-2.4, and 142-3.4, and the supporting New York State Department of Labor regulations by failing to pay overtime wages, failing to pay "spread of hours" compensation, and failing to supply Plaintiff with an accurate statement indicating Plaintiff's rate of pay and hours worked.

## PARTIES

2. Plaintiff is an individual residing in the State of New York, city of New York, county of Kings.

3. Upon information and belief German Kitchen Center LLC is a limited liability company organized and existing under the laws of the State of New York, with offices located at 2003 Broadway, New York, New York 10023.

4. Upon information and belief, German Kitchen Center, New York, LLC is a limited liability company organized and existing under the laws of the State of New York, with offices located at 2003 Broadway, New York, New York 10023.

5. Upon information and belief, German Kitchen Center LLC and German Kitchen Center, New York, LLC operate as the same enterprise under the direction and ownership of Mayan Metzler.

6. Upon information and belief, Mayan Metzler is an adult, natural person who is the manager and principal of German Kitchen Center LLC and German Kitchen Center, New York, LLC.

7. Upon information and belief, Mayan Metzler exercises control over and is the most senior officer or managing member of German Kitchen Center LLC and German Kitchen Center, New York, LLC.

8. Upon information and belief, Mayan Metzler resides in the City, County and State of New York.

## JURISDICTION AND VENUE

1. At all relevant times, Plaintiff was employed by the Defendant as a project manager.

2. At all relevant times, Plaintiff was an "eligible employee" and/or an "employee" under all relevant statutes.

3. At all relevant times, Defendant was a "covered employer" and/or an "employer" under all relevant statutes.

4. Defendant employs employees for activities involving the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce. The enterprise conducted by Defendant has an annual gross income of sales made or business done in an amount not less than $500,000.00. Therefore, Defendant's employees, including but not limited to Plaintiff, were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 29 U.S.C. § 203(s)(1)(A).

5. Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b) of the FLSA, by 28 U.S.C. § 1331, as this action arises under the laws of the United States, and by 29 U.S.C.§ 1337, as this action arises under Acts of Congress regulating commerce. Jurisdiction over Plaintiff's claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

6. This Court has supplemental jurisdiction over the state claims raised by virtue of 28 U.S.C. § 1391(b)(1) and (2).

7. The unlawful conduct alleged herein occurred within this District.

## FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

8. Defendant is in the business of providing kitchen design and remodeling services.

9. In or about October 2014, Plaintiff was hired by Defendant as a designer and project manager.

10. Plaintiff's primary responsibilities involved, *inter alia*, acting as sole line of communication between Defendant and assigned clientele; creating new kitchen designs pursuant to customer's specifications, submitting orders through Defendant's computer system; liaising between customers and various other departments within Defendant's company; and overseeing kitchen installations.

11. At all relevant times Plaintiff's regular hourly rate of pay was $20.00 per hour.

12. Plaintiff regularly worked more than 40 hours per week for Defendant, without premium compensation for overtime as required under New York and Federal law.

13. Defendant has failed to pay Plaintiff any wages since January 2015.

14. At all relevant times Plaintiff expected to be compensated and made numerous requests therefor.

15. Defendant's failure to pay both regular and overtime compensation was willful.

16. In an apparent effort to conceal its willful violations of state and federal laws, Defendant misclassified Plaintiff as an independent contractor.

17. Additionally, Defendant failed to provide Plaintiff with a statement listing hours worked and rates paid.

## **CLAIMS FOR RELIEF**

### **AS AND FOR A FIRST CAUSE OF ACTION**
**Unpaid Minimum Wages**
**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201** *et seq.***)**

18. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 22 as if set forth herein.

19. Defendant failed to pay minimum wages to Plaintiff in violation of the FLSA, 29 U.S.C. § 206 and its implementing regulations.

20. At all relevant times herein, the Federal minimum wage was $7.25 per hour.

21. Defendant's failure to comply with the FLSA caused Plaintiff to suffer loss of wages and interest thereon.

22. Defendant's violation of the FLSA were willful violations, within the meaning of 29 U.S.C. § 255(a).

23. As a result of the foregoing, Plaintiff seeks judgment against Defendant for all unpaid minimum wages, pursuant to 29 U.S.C. § 206, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorney's fees, as provided for under 29 U.S.C. § 216(b) for the applicable period of time commencing in January of 2015.

## AS AND FOR A SECOND CAUSE OF ACTION
**Unpaid Minimum Wages**
**(Violation of New York Labor Law, Articles 6 and 19 and the supporting New York State Department of Labor Regulations)**

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 27 as if set forth herein.

25. Defendant failed to pay minimum wages to Plaintiff in violation of New York Labor Law Articles 6 and 19 and their implementing regulations, 12 NYCRR § 142-2.4.

26. The applicable minimum wage to which Plaintiff was entitled from January 1, 2015 through December 30, 2016 is $9.00 per hour.

27. The applicable minimum wage to which Plaintiff was entitled from December 31, 2016 through December 30, 2017 is $11.00 per hour.

28. Defendant's failure to pay any wages was willful within the meaning of New York Labor Law.

29. Plaintiff seeks recovery of liquidated damages, as well as attorney's fees and costs of this action, as provided by New York Labor Law § 663(1).

30. Plaintiff seeks the amount of underpayments based on Defendant's failure to pay Plaintiff's wages, and relief from Defendant's unlawful and willful conduct, as the Court deems just and proper for the period of time relevant to this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### Unpaid Overtime Wages
**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)**

31. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 35 as if set forth herein.

32. Defendant failed to pay premium overtime wages to Plaintiff in violation of the FLSA, 29 U.S.C. § 207 and its implementing regulations.

33. Defendant's failure to comply with the FLSA caused Plaintiff to suffer loss of wages and interest thereon.

34. Defendant's violation of the FLSA were willful violations, within the meaning of 29 U.S.C. § 255(a).

35. As a result of the foregoing, Plaintiff seeks judgment against Defendant for all unpaid overtime wages, pursuant to 29 U.S.C. § 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorney's fees, as provided for under 29 U.S.C. § 216(b) for the applicable period of time commencing in 2015.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Unpaid Overtime Wages and Spread of Hours Compensation
**(Violation of New York Labor Law, Articles 6 and 19 and the supporting New York State Department of Labor Regulations)**

36. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 40 as if set forth herein.

37. Defendant failed to pay overtime wages to Plaintiff in violation of New York Labor Law Articles 6 and 19 and their implementing regulations, 12 NYCRR § 142-2.4.

38. Defendant's failure to pay proper overtime wages for each hour worked over 40 per week, was willful within the meaning of New York Labor Law.

39. Plaintiff often worked shifts of greater than ten hours without receiving additional "spread of hours" compensation.

40. Defendant's failure to pay spread of hours compensation violates the New York Minimum Wage Act, Labor Law Article 19 § 650, *et seq.* ("MWA"), 12 N.Y.C.R.R. §§142-2.4, 142-3.4, and the supporting New York State Department of Labor regulations, specifically the MWA's provisions requiring "spread of hours" pay, which require an employer such as Defendant to pay additional "spread of hours" compensation to employees who work shifts of greater than ten hours.

41. Plaintiff seeks recovery of liquidated damages, as well as attorney's fees and costs of this action, as provided by New York Labor Law § 663(1).

42. Plaintiff seeks the amount of underpayments based on Defendant's failure to pay one and one-half times the regular rate of pay for work performed in excess of forty hours per week, and "spread of hours" compensation for his shifts of greater than ten hours, and relief from Defendant's unlawful and willful conduct, as the Court deems just and proper for the period of time relevant to this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**Failure to Provide Wage Statements**
**(Violation of New York Labor Law and Wage Theft Prevention Act)**

43. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 47 as if set forth herein.

44. The New York Labor Law ("NYLL") and Wage Theft Prevention Act ("WTPA") require employers to provide employees with a written notice to new hires detailing certain information, including the rate of regular pay, overtime pay and the regular payday.

45. The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

46. Defendant never provided a wage notice to plaintiff containing plaintiff's rate of pay, regular pay date, the name of the employer, the physical address of employer's main office, and other information required by NYLL 195(1)(a).

47. Throughout Plaintiff's employment with Defendant, Defendant willfully failed to provide Plaintiff with wage statements at the end of every pay period that correctly identified the number of overtime hours worked; gross wages; and such other information as required by New York Labor Law § 195(3).

48. Defendant had a pattern, policy and practice of violating NYLL §§ 195(1)(a) and 195(3) by failing to issue any pay notices and statements to Plaintiff.  Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant liquidated damages of $250.00 per work day that the violations occurred, or continue to occur, up to $5,000.00, together with costs, reasonable attorney's fees, prejudgment and postjudgment interest, and injunctive and declaratory relief, pursuant to NYLL § 198(1-d).

## AS AND FOR A SIXTH CAUSE OF ACTION
**Breach of Contract**

49. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 51 as if set forth herein.

50. When Defendant hired Plaintiff, the parties agreed that Defendant would compensate Plaintiff at a rate of $20.00 per hour for his labor.

51. Plaintiff provided labor in accordance with the agreement.

52. Defendant has failed to compensate Plaintiff at the agreed upon rate.

53. As a result, plaintiff has suffered damages, but not limited to, loss of wages.

54. Plaintiff's damages for breach of contract are in addition to the unpaid wage claims asserted above to the extent that his regular rate of compensation exceeds the minimum wage.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

(a) Declaring that the actions, conduct, practices and policies of Defendant complained of herein violate the laws of the United States of America and the State of New York;

(b) Awarding damages for Plaintiff's claims of unpaid wages as secured by the Fair Labor Standards Act as well as an equal amount in liquidated damages;

(c) Awarding damages for Plaintiff's claims of unpaid overtime wages and "spread of hours" compensation as secured by Articles 6 and 19 of the New York Labor Law as well as an award of liquidated damages in an amount equal to 100% of unpaid wages pursuant to the New York Labor Law §§ 663 and 198(1-a);

(d) Awarding any and all other monetary losses suffered by Plaintiff in an amount to be determined at trial;

(e) Awarding all costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorney's fees to the fullest extent permitted by law;

(f) Awarding pre-judgment interest on all amounts due; and

(g) Awarding such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

The Plaintiff demands a trial by jury on all issues.

Dated: New York, New York
       July 9, 2018

                                            KNOX LAW GROUP, P.C.
                                            *Attorneys for Plaintiff*

By:    *Daniel Knox*
            Daniel Knox
            One Penn Plaza, Suite 2430
            New York, NY 10119
            (212) 239-1114
            dknox@knoxlaw.nyc