UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK COX, | Case No.: 17-6081 |
| Plaintiff, | |
| -against- | **PLAINTFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL** |
| GERMAN KITCHEN CENTER LLC, GERMAN KITCHEN CENTER, NEW YORK, LLC, and MAYAN METZLER, | |
| Defendants. | |

## PRELIMINARY STATEMENT

Defendants' instant motion is a thinly veiled attempt to delay the resolution of this case through stalling the taking of depositions. Defendants are asserting demonstrably false statements of fact, in support of arguments that have no basis in the law, while insisting upon obtaining information and documentation that they have either already received or otherwise is irrelevant to the matter at hand.

## STATEMENT OF FACTS

Plaintiff respectfully refers the Court to the accompanying declaration of Daniel Knox, Esq. for a recitation of the relevant facts in this case, which is incorporated herein by reference. It is particularly important to highlight, however, that Defendants have asserted multiple misrepresentations of fact that are corrected as follows:

1. Plaintiff Mark Cox is not an architect.
2. Mayan Metzler is a named defendant in this action and resides in New York City.
3. Transactions, as Defendants put it, did not occur exclusively between Mark Cox Designs, Inc. and German Kitchen Center, New York, LLC; rather Defendants paid Mark Cox his wages both directly to him as an individual and to Mark Cox Designs, Inc.

1

I.     **DEFENDANTS MOTION TO COMPEL SHOULD BE DENIED WHERE SERVICE OF THE SUBPOENA IS DEFECTIVE AND THE INFORMATION SOUGHT IS OTHERWISE OUTSIDE OF THE SCOPE OF RULE 26**

**A. Defendants' service of the subject subpoena is fatally defective.**

As a preliminary matter, Defendants' service of the subject subpoena is procedurally defective. Defendants attempted to serve nonparty Mark Cox Designs, Inc. pursuant to CPLR 2303(a) and New York Business Corporations Law Section 306(b), by serving the New York Secretary of State as agent[1]. New York law also requires that "[t]he party issuing a subpoena duces tecum . . . shall <u>at</u> <u>the</u> <u>same</u> <u>time</u> serve a copy of the subpoena upon all other parties . . . (CPLR 3120[3] emphasis added). Failure to comply with CPLR 3120(3) is a fatal defect (*Gottbetter v. Crone Kline Rinde, LLP*, 61 Misc.3d 1214(A) [Sup. Ct. New York County 2018] [quashing subpoenas served, in part, pursuant to BCL 306 where issuing party failed to provide notice on the other parties until 12 days after service on the nonparties]).

Here, Defendants failed to provide any notice whatsoever to Plaintiff's counsel that a subpoena had been served on March 2, 2020. Accordingly, the subpoena must be quashed and Defendants' motion to compel compliance therewith denied.

Moreover, it appears that Defendants attempted to manufacture a rule violation on the part of Plaintiff. Defendants served a subpoena on the New York Secretary of State knowing that Plaintiff had previously moved to Florida and would not receive any notice thereof, and that Mark Cox Designs, Inc. is not actively conducting any business. Defendants also state that they served the subpoena in Florida when the affidavit of service reflects New York. Finally,

---

[1] Defendants state that they served the subpoena on the Florida Secretary of State, where Plaintiff resides, but provided an affidavit of service upon the New York Secretary of State, where the subject corporation was formed.

Defendants avoided notifying Plaintiff's counsel of the service to ensure that there would be no motion for a protective order.

B. **Information Sought Through the Subject Subpoena Has Either Already Been Provided or is Otherwise Outside of the Scope of Rule 26.**

Fed. R. Civ. P. 26(b) provides, in pertinent part that:

> [p]arties may [generally] obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . the parties' relative access to relevant information, . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Interrogatories 2, 5 and 15

Defendants stated that the outstanding interrogatories to which they seek responses are 2, 5, and 15. Plaintiff maintains that he already provided valid responses. Interrogatories 2 and 5 seek the place of business of Mark Cox Designs, Inc. and any licenses, certifications and permits held by Mark Cox Designs, Inc., to which Plaintiff responded "N/A", indicating 'none'. This was further clarified by Plaintiff's counsel multiple times in conversation with defense counsel in which he explained that Mark Cox Designs, Inc. is no longer conducting any business and that its only business was in relation to the work performed by Plaintiff in relation to his employment with Defendants – and all of this information could be disclosed at deposition of Plaintiff. Even Judge Daniels suggested that Defendants could simply question Plaintiff on the matter at a deposition. It is perplexing the lengths to which Defendants have now gone to resist deposing Plaintiff.

Defendants' Document Demands 8, 9, and 10

Plaintiff has already provided all documentation within his possession, custody, or control responsive to Demands 9 and 10, which call for documents related to all payments received by

3

Mark Cox or Mark Cox Designs, Inc. and a copy of invoices sent by Plaintiff to Defendants. Demand 8, however, seeks information outside the scope of Rule 26.

Turning to Demand 8, Defendants claim that the documents sought "[are] directly related to Defendants' defense, that Plaintiff has no claims under the FLSA since, as a salesperson, he rendered his services as an independent contractor through his own company." However, Plaintiff has acknowledged from the outset of this case that he received payments from Defendants through Mark Cox Designs, Inc., and the parties have exchanged checks reflecting payment to Mark Cox Designs, Inc., thus the tax returns are superfluous and duplicative where they will simply reflect income that Plaintiff has already acknowledged came from Defendants.

Moreover, it was Plaintiff's contention from the outset that he was misclassified as an independent contractor (ECF Doc. No. Amended Complaint ¶ 16).  The tax returns have no bearing whatsoever on resolving whether Plaintiff was an employee or an independent contractor.  They are merely a technicality of how Defendants paid Plaintiff and do not come to bear on the economic realities that this Court must consider to resolve the question (*see Irizarry v. Catsimatidis*, 722 F.3d 99, 104 [2d Cir. 2013]; *Barfield v. New York City Health and Hospitals*, 537 F.3d 132, 142 [2d Cir. 2008]).

Ultimately, the tax returns are superfluous and duplicative of information already admitted by Plaintiff and otherwise established through documents exchanged in discovery.  Defendants' insistence upon obtaining the objectively useless documents merely illuminates their true goal to cause delay and frustrate the judicial process.

## II. DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SUBPOENA DEFENDANTS FOR DEPOSITIONS SHOULD BE DENIED WHERE PLAINTIFF PROPERLY NOTICED DEFENDANT MAYAN METZLER'S AND NURIT METZLER'S DEPOSITIONS PURSUANT TO RULE 30(a)(1), AND WHERE DEFENDANTS' OBJECTION IS UNTIMELY.

Plaintiff properly noticed the depositions of Mayan Metzler and Nurit Metzler pursuant to Rule 30(a)(1). Mayan Metzler is a named party[2] that admitted he resides in New York City[3] and Nurit Metzler is an officer of the corporate defendants. It is beyond dispute that a subpoena is not required to compel a party or its officers to attend a deposition. Parties and their officers, directors, and managing agents must appear for a deposition that is properly noticed under Fed. R. Civ. P. 30, or face sanctions, regardless of whether a deposition subpoena was served (*see* Fed. R. Civ. P. 37[d][1][A][i]; *see also* 2013 Advisory Committee Notes to Fed. R. Civ. P. 45[c])

To the extent that Defendants' motion may be understood to be one for a protective order, it must be denied as untimely. Plaintiff served his Notice of Deposition on February 26, 2020, which required Mayan Metzler and Nurit Metzler to appear on March 17, 2020. This motion is certainly untimely where it has been filed three months after the date Mayan Metzler and Nurit Metzler were required to appear (*Marino v. Hogan Willig, PLLC*, 2013 WL 4008720 [W.D.N.Y. Aug. 5, 2013] [citing *U.S. v. Int'l. Bus. Machines Corp.*, 79 F.R.D. 412, 414 (S.D.N.Y. 1978) (refusing to entertain motion for a protective order because "motions under rule 26(c) must be served before the date set for production]).

Should the Court nonetheless consider Defendants' motion for a protective order on its merits, the motion must still be denied where Defendants failed to establish good cause for a protective order. To obtain a protective order, the moving party bears the burden of establishing

---

[2] ECF Doc. No. 19, Amended Complaint at pp. 1-2
[3] ECF Doc. No. 31, Defendant's Answer to the Amended Complaint at ¶ 8

that good cause for the order exists (*Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71 [S.D.N.Y. 2010] internal citations omitted).  To establish good cause, a party must demonstrate a need for protection from a specific harm through specific examples or articulated reasoning, which harm must be significant and not a mere trifle (*id.*).

Defendants have not even attempted to demonstrate any specific harm that would have prevented their attendance at the depositions on March 17, 2020 and are not permitted to do so on reply.

### III. IT IS PLAINTIFF, AND NOT DEFENDANTS, THAT IS ENTITLED TO SANCTIONS WHERE DEFENDANTS HAVE MADE THIS FRIVOLOUS MOTION FOR A PROTECTIVE ORDER AND FAILED TO APPEAR FOR DULY NOTICED DEPOSITIONS.

Defendants are not entitled to sanctions where Plaintiff did not violate the Federal Rules.  As explained above, Plaintiff fulfilled his obligations under the relevant rules, where he properly responded to the disclosure items identified by Defendants in their moving papers and where the subpoena served on the New York Secretary of State is a legal nullity due to Defendants' failure to comply with applicable statute.  Rather, Plaintiffs should be awarded sanctions for Defendants' violations of Rule 37.

### A. Plaintiff is Entitled to Sanctions Where Defendants' Motion for a Protective Order is Frivolous.

Rule 37(a)(5), made applicable to motions for protective orders by Rule 26(c)(3), provides that if a motion for a protective order is denied, then the court

> must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorneys fees.

(Fed. R. Civ. P. 37[a][5][B]; *see also* Fed. R. Civ. P. 26[c][3]; *Pegoraro v. Marrero*, No. 10 Civ. 0051 [AJN][KNF], 2012 WL 5964395 [S.D.N.Y. Nov. 28, 2012] [awarding attorney's fees to plaintiff in connection with opposing defendants' motion for a

6

protective order], *adopted over objection by* 2013 WL 1448769 [S.D.N.Y. Apr. 9, 2013]). Only if "the [protective order] motion was substantially justified or other circumstances make an award of expenses unjust" must the court not impose such a sanction (Fed. R. Civ. P. 37[a][5][B]).

For a motion to have been "substantially justified," it must have had a "reasonable basis in law and fact" (*see Pierce v. Underwood*, 487 U.S. 552, 565 [1988] [resolving the meaning of the phrase "substantially justified" with respect to the award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2414(d)]). A party is entitled to the "costs that [it] would not have incurred but for" the other party's unsuccessful motion (*Romeo and Juliette Laser Hair Removal, Inc. v. Assara I, LLC*, No. 08 Civ. 442 [TPG)][M], 2013 WL 3322249, at *3 [S.D.N.Y. July 2, 2013] [quoting *Fox v. Vice*, 563 U.S. 826, 829 (2011)]). Accordingly, "the dispositive question is . . . whether the costs would have been incurred in the absence" of the motion (*id.*).

Defendants' motion for a protective order has no reasonable basis in law and fact. As demonstrated above, the Federal Rules are clear that parties and their officers may be deposed upon proper notice pursuant to Rule 30(a)(1) and no subpoena is required. Nonetheless, Defendants insist that Plaintiff must serve subpoenas upon Mayan Metzler and Nurit Metzler to take their depositions, notwithstanding their statuses as a named party and a corporate officer of a party, respectively.

Accordingly, where Plaintiff was required to respond to Defendants' frivolous motion for a protective order, he is entitled to reasonable attorneys' fees in relation to said opposition.

7

## B. Plaintiff is Entitled to Sanctions Where Defendants Failed to Appear for Depositions.

Plaintiff requests that Defendants' Answer be stricken for their failures to appear for their depositions.

Fed. R. Civ. P. 37(d) authorizes sanctions whenever "a party, or a party's officer, director or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition." The range of sanctions available includes those listed in Rule 37(b)(2)(A)(i) to (vi) (Fed. R. Civ. P. 37 [d][3]). A district court may strike a party's pleadings if that party fails to attend a deposition of that party (Fed. R. Civ. P. 37[d][3]) so long as "the district judge has considered lesser alternatives" (*see SEC v. Razmilovic*, 738 F.3d 14, 24 [2d Cir. 2013] internal quotation marks omitted). In evaluating lesser alternative, the Second Circuit has advised that the district Court should consider, among other things, the willfulness of the noncompliant party or the reason for noncompliance, and what the effectiveness of lesser alternative sanctions would be (*see Southern New England. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 [2d Cir. 2010]).

Plaintiff duly noticed depositions of defendant Mayan Metzler and corporate officer Nurit Metzler to be conducted on March 17, 2020. Defendants immediately made it clear that they would not voluntarily sit for depositions, asserting a litany of ever-evolving, yet unjustified, arguments as to why they should not. Notably, their very first objection to appearing for depositions was on the basis that they wanted the tax returns of Mark Cox Designs, Inc., which are irrelevant to their depositions and in general as established in Section II above. It is clear from defense counsel's letter that the refusal to schedule

depositions was retaliatory in nature[4], and it is well-established that such conduct is not an acceptable basis for refusing to comply with a party's own obligations (*John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 148-49 [S.D.N.Y. 2014]). Accordingly, it is clear that Defendants' failures to appear for deposition were willful.

Now, after already failing to appear for deposition on a date that pre-dated the State lockdown, Defendants seek to utilize the COVID-19 pandemic as yet another excuse. Should the Court not see fit to strike Defendants' Answer, Plaintiff wants to make clear that he insists on in-person depositions. The depositions can easily be done in conformity with social distancing requirements. Should the Court, however, direct video depositions take place, then Defendant should be responsible for the additional expenses associated therewith.

## **CONCLUSION**

In light of the foregoing, Defendants' motion should be denied in its entirety. Instead, the Court should award sanctions to Plaintiff for Defendants' frivolous motion for a protective order and their failures to attend duly scheduled depositions.

Dated: New York, New York
July 9, 2020

                KNOX LAW GROUP, P.C.
                *Attorneys for Plaintiff*

       By: *Daniel Knox*
          Daniel Knox
          One Penn Plaza, Suite 2430
          New York, NY 10119
          (212) 239-1114
          dknox@knoxlaw.nyc

---

[4] Knox Decl., Exhibit B