UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARK COX,                                              :

                        Plaintiff,                :        **MEMORANDUM AND ORDER**

                v.                                    :        17-CV-6081 (GBD) (KNF)

GERMAN KITCHEN CENTER LLC,                :
GERMAN KITCHEN CENTER, NEW YORK,
 LLC, AND MAYAN METZLER,                        :

                    Defendants.        :
------------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

       The plaintiff commenced this action seeking compensation for unpaid minimum and

overtime wages, pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law

Articles 6 and 19, and damages for breach of contract.  The defendants asserted a counterclaim

for breach of contract.

       Before the court is the defendants' motion for "an Order pursuant to FRCP [the Federal

Rules of Civil Procedure] Rule 37" to: (1) "compel MARK COX, in his capacity as officer and

principal of non-party Mark Cox Designs, Inc. ('MCI') to respond to the subpoena issued to MCI

pursuant to Rule 45"; (2) compel "Plaintiff's attorney to depose non-parties Mayan Metzler and

Nurit Metzler pursuant to Rule 30(b)(4) and Rule 45, by serving each of them personally"; (3)

"sanction both Plaintiff and Plaintiff's counsel pursuant to Rule 37(d)(1)(A)"; and (4) hold the

plaintiff "in contempt for willfully ignoring the subpoena and failing to comply therewith

pursuant to FRCP 45(g)."  The plaintiff opposes the motion.

### DEFENDANTS' CONTENTIONS

       The defendants argue that: (1) "non-party MCI should be compelled to fully answer the

discovery set forth in the subpoena directed at it, as the discovery is relevant and not unduly

burdensome"; (2) "both non-parties Mayan Meltzer [sic] and Nurit Metzler should be served personally by plaintiff and deposed pursuant to Rules 45 and 30(b)(4)"; and (3) "plaintiff should be found in contempt, and sanctions should be imposed on both plaintiff and his attorney for their willful violations of Rule 37 and Rule 45."  The defendants assert that the plaintiff "operates MCI, an architecture and design firm, which upon information and belief, is wholly owned by him, and he is its only employee, independent contractor, and shareholder."  The defendants contend that they served a subpoena on the plaintiff's "alter-ego MCI" seeking "responses to the discovery served on Plaintiff's counsel on May 22, 2019 (the 'Discovery')." The defendants contend that, after two attempts "to serve MCI at its last known address with the Secretary of State, and address located at 31 Dolphin Drive, Treasure Island, FL 3370," "service was finally effected by depositing a copy of Defendants' subpoena with the Florida Secretary of State (*See* Affidavit of Service annexed as Exhibit G).  To date, however, MCI has refused to respond."  According to the defendants:

> The Discovery is relevant because it is directly related to Defendants' defense, that Plaintiff has no claim under the FLSA since, as a salesperson, he rendered his services as an independent contractor through his own company, MCI.  Upon information and belief, tax returns will show that MCI reported monies received by Defendants as revenue, thereby negating any contention that the same monies were employee wages.  Further, invoices bearing MCI's name and employer ID number are indicia of an independent contractor/employer relationship- not an employer/employee relationship.  The Discovery is proportional in that it is not overly broad, as it is limited to the relevant period, and it is critical, as it goes to the crux of Defendants' defense.  Moreover, complying with discovery would not cost Plaintiff any extravagant expense since Defendants do not require Plaintiff's personal appearance or hard copies.  His responses can be transmitted digitally. Further, his responses are exclusively within his knowledge, so it is only Plaintiff who has the ability to provide answers to the Discovery.  Furthermore, since he was served the Discovery in March 2020 but failed to oppose it within 30 days, MCI waived any objections it may have otherwise had and now must respond fully to each request in the Discovery.

The defendants assert that, on February 26, 2020, the plaintiff's counsel served "deposition notices annexed hereto as Exhibit H" on the "Defendants' counsel for Mayan Metzler and Nurit Metzler," although "neither of the Metzlers is a party to this action." While the plaintiff's counsel "would not assist Defendants' counsel with serving their subpoena on MCI," the plaintiff's counsel "expects Defendants and their counsel to be obligated for the appearance of non-parties at a deposition." According to the defendants, Nurit Metzler is "a senior who is in a high-risk population of being infected" during the COVID-19 pandemic, and "is domiciled in Israel." Moreover, "Mayan Metzler is also not domiciled in New York City. He lives in Upstate New York. Both [are] non-parties, who are ostensibly being deposed by Plaintiff as officers or high-level employees of the corporate defendant, and, as such, Rule 30(b)(6) should be the operative statute instead of Rule 30(a)(1), which is being relied on by Plaintiff." The defendants assert that the plaintiff's counsel was informed "of this information, and in an attempt to compromise, Defendants counsel suggested he videoconference the deposition pursuant Rule 30(b)(4)," as indicated in "the email thread annexed hereto as Exhibit I," but the plaintiff's counsel refused. According to the defendants, "since neither Mayan Metzler nor Nurit Metzler are parties to this action and both live more than 100 miles away, to the extent that this Court has the authority to enforce such a subpoena, Plaintiff should be compelled to subpoena both persons pursuant to Rule 45 and Rule 30(b)(4)."

The defendants assert that they "tried multiple times to avoid court action to compel Plaintiff's responses to the Discovery" but "both Plaintiff and his counsel have blatantly flouted the court's rules and procedure." The defendants contend that the plaintiff

> should be found in contempt because, despite having notice for over three months that a subpoena was directed at him, which was served on his business as well as emailed to his attorney, he has refused to respond thereto. Moreover, both Plaintiff and counsel should be sanctioned and forced to pay Defendants' attorney's fees

related to the instant motion since Plaintiff's attorney refused to (i) accept service of the subpoena; (ii) hold video depositions months ago, (ii) [sic] conform his deposition notices to the relevant statute even after Defendants' counsel alerted him to the controlling statutes and case law, and, upon information and belief, (iii) advise his client to respond to the subpoena or the Discovery contained therein. Accordingly, sanctions should be levied against Plaintiff and his counsel and Plaintiff held in contempt and ordered to pay Defendants' attorneys [sic] fees for having to spend the resources to move this court to compel the relief requested herein.

In support of their motion, the defendants submitted a declaration by their attorney, Aaron H. Pierce ("Pierce") with Exhibit A, "defendants Combined Discovery Demands," served on May 22, 2019, Exhibit B, "a Good Faith Discovery Letter dated September 17, 2019," the defendants sent "[i]n reply to Plaintiff's deficient responses," Exhibit C, "Plaintiff's Responses to Defendants' Combined Discovery Demands" the plaintiff served on September 19, 2019, Exhibit D, the defendants' "Second Good Faith Discovery Letter," served on November 14, 2019, Exhibit E, "a Notice Of Subpoena, Subpoena, and Defendants' Revised Combined Discovery Requests Directed at Plaintiff," served on the plaintiff on February 20, 2020, and Exhibit F, an e-mail communication, dated June 24, 2020, by which the plaintiff's counsel responded "that Plaintiff was not willing to resolve the discovery dispute absent court intervention." Pierce states in his declaration that he is "being duly sworn" and "deposes and say the following pursuant to FRCP 37(a)(1)" and based on "first-hand knowledge of the facts herein." Pierce states that, "[i]n Defendants' good-faith efforts to obtain Plaintiff's compliance with his statutory duty to provide discovery, my office has corresponded with Plaintiff's office on several occasions." According to Pierce, "plaintiff's responses were patently deficient, which included, but were certainly not limited to, his refusal to provide tax returns. . . . Tax returns would have shown whether he claimed monies he received from Defendants as a 1099 independent contractor under his company, Mark Cox Designs, Inc." Pierce states that "[t]he

4

entirety of the discovery set forth in Defendants' Revised Combined Discovery Requests remains outstanding" and, "despite having been served pursuant to statute and, upon information and belief, having actual knowledge of the subpoena and revised discovery demands from Plaintiff's counsel, Plaintiff has failed to acknowledge service or respond."  Although Pierce spoke to the plaintiff's counsel by telephone on June 24, 2020, the plaintiff's counsel "responded by email that Plaintiff was not willing to resolve the discovery dispute absent court intervention."

Exhibit E to Pierce's declaration is styled "Notice of Subpoena" and contains the February 18, 2020 "SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION" issued to "MARK COX, in his capacity as officer and principal of Mark Cox Designs, Inc."  Marked on the subpoena is the following text:

> *Production*: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  Full and complete answers to the discovery propounded on plaintiff in the above-captioned action concerning Mark Cox Designs, Inc., which is attached hereto for the plaintiff's reference.  Specifically, Interrogatories 2, 5, 14, 15, 24 and 26 and each document demand must be answered in full.

Attached to the subpoena is a document styled "Defendants' Revised Combined First Set of Interrogatories and Requests for Production of Documents," dated February 18, 2020, and directed to "Plaintiff Mark Cox," which includes the following definition: "The word "Plaintiff" as used herein shall refer to Mark Cox, his agents, servants, employees, independent contractors and other representatives."  The section "Interrogatories" contains 27 interrogatories, of which interrogatory Nos. 3-4, 8-10, 12(c), 13(b), 13(d), 20-22 and 25 indicate "Intentionally Omitted." The section "Documents Demanded" contains 17 document demands.

## PLAINTIFF'S CONTENTIONS

The plaintiff argues that the motion should be denied because: (1) "service of the subpoena is defective and the information sought is otherwise outside of the scope of Rule 26"; (2) the plaintiff "properly noticed defendant Mayan Metzler's and Nurit Metzler's depositions pursuant to Rule 30(a)(1), and . . . defendants' objection is untimely"; and (3) "it is plaintiff, not defendants, that is entitled to sanctions where defendants have made this frivolous motion for a protective order and failed to appear for duly noticed depositions."

With respect to service of the subpoena, the plaintiff asserts it is procedurally defective because the defendants failed to comply with New York Civil Practice Law and Rules ("CPLR") § 3120(3), since they "failed to provide any notice whatsoever to Plaintiff's counsel that a subpoena had been served on March 2, 2020"; thus, "the subpoena must be quashed" and the motion denied. The plaintiff contends that it appears that the defendants "attempted to manufacture a rule violation on the part of Plaintiff" when they served a subpoena on the New York Secretary of State knowing that the plaintiff moved to Florida prior to the service "and would not receive any notice thereof, and that Mark Cox Designs, Inc. is not actively conducting any business." The defendants "also state that they served the subpoena in Florida when the affidavit of service reflects New York," and they avoided notifying the plaintiff's counsel of the service "to ensure that there would be no motion for a protective order."

According to the plaintiff, "Defendants stated that the outstanding interrogatories to which they seek responses are 2, 5, and 15," but the plaintiff "already provided valid responses" to them and the plaintiff's counsel clarified multiple times that Mark Cox Designs, Inc. "is no longer conducting any business and that its only business was in relation to the work performed by Plaintiff in relation to his employment with Defendants," all of which could be disclosed at

the plaintiff's deposition, as suggested by the district judge assigned to this action.  Moreover, the plaintiff already provided "all documentation within his possession, custody, or control responsive to Demands 9 and 10, which call for documents related to all payments received by Mark Cox or Mark Cox Designs, Inc. and a copy of invoices sent by Plaintiff to Defendants." However, "Demand 8" seeks information outside of the scope of Rule 26, and "the tax returns are superfluous and duplicative where they will simply reflect income that Plaintiff has already acknowledged came from Defendants."  Since the plaintiff maintains that he was misclassified as an independent contractor, "tax returns have no bearing whatsoever on resolving whether Plaintiff was an employee or an independent contractor.  They are merely a technicality of how Defendants paid Plaintiff and do not come to bear on the economic realities that this Court must consider to resolve the question."

The plaintiff asserts that he noticed properly depositions of Mayan Metzler and Nurit Metzler pursuant to Rule 30(a)(1) because Mayan Metzler is a party to this action who admitted residing in New York City and Nurit Metzler "is an officer of the corporate defendants," and they both must appear for the deposition properly noticed under Rule 30, or face sanctions.  To the extent that the defendants' motion can be understood as one for a protective order, it is untimely, since the plaintiff served his notice of depositions on February 26, 2020, requiring appearance on March 17, 2020.  Even if the Court were to consider the untimely motion for a protective order, the defendants failed to establish good cause for a protective order, as they have not even attempted to demonstrate any specific harm that would have prevented their attendance at the March 17, 2020 depositions, and "are not permitted to do so on reply."

The plaintiff asserts that no sanctions are warranted because he "did not violate the Federal Rules," and he fulfilled his discovery obligations "where he properly responded to the

disclosure items," and "the subpoena served on the New York Secretary of State is a legal nullity due to Defendants' failure to comply with applicable statute."   The plaintiff contends that he is entitled to sanctions in the form of reasonable attorney's fees because the defendants' motion for a protective order is frivolous, having "no reasonable basis in law and fact," and "the Federal Rules are clear that parties and their officers may be deposed upon proper notice pursuant to Rule 30(a)(1) and no subpoena is required."   Moreover, the plaintiff "requests that Defendants' Answer be stricken for their failures to appear for their depositions."   The plaintiff maintains that the defendants' failure to schedule depositions was retaliatory because the defendants made clear they would not attend their depositions "on the basis that they wanted the tax returns of Mark Cox Designs, Inc., which are irrelevant to their depositions and in general."   After failing to appear for their depositions, the defendants "seek to utilize the COVID-19 pandemic as yet another excuse."   "Should the Court not see fit to strike Defendants' Answer, Plaintiff wants to make clear that he insists on in-person depositions," which "can easily be done in conformity with social distancing requirements."

In support of the opposition to the motion, the plaintiff submitted a declaration by his counsel, Daniel Knox ("Knox") with Exhibit A, "a check from Defendants to Plaintiff in his individual capacity reflecting compensation for his wages," Exhibit B, "the February 26, 2020 email communications" between Knox and Pierce, Exhibit C, notice of depositions of Mayan Metzler and Nurit Metzler, Exhibit D, the March 2, 2020 letter Knox received from Pierce, and Exhibit E, the March 3, 2020 letter Knox received from Pierce.   Knox "affirms . . . under the penalty of perjury" that "[t]hrough a stipulation between the parties, Plaintiff amended the Complaint on September 28, 2018 to include Mayan Metzler, the principal officer of the corporate defendants, as an individual defendant."   The plaintiff served document requests on

January 16, 2019, but received no responses.  On February 8, 2019, Pierce substituted previous counsel for the defendants, and, on the same date the plaintiff  "re-served" his document requests, to which the defendants objected without providing access to any documents. According to Knox, at the February 12, 2020 conference with the assigned district judge, the defendants' counsel "expressed his intention to file a motion to add Mark Cox Designs, Inc. as a third-party defendant in this case on the basis of Defendants' belief the corporation held information relevant to their defense," but Judge Daniels indicated that such a motion, filed three years after the case commenced would be denied as untimely and suggested that the defendants consider deposing the plaintiff to obtain information they need.  Knox attempted to schedule the noticed depositions, without success.  On February 26, 2020, Knox served a notice to depose Mayan Metzler and Nurit Metzler on March 17, 2020.  On March 2, 2020, the defendants sent a letter objecting to the depositions.  Knox states that Pierce "appeared to acknowledge that my interpretation of Rule 30 was correct, but asked if I would stipulate to a video deposition; I declined."

## DEFENDANTS' REPLY

In reply, Pierce submitted his declaration, stating he is "being duly sworn" and has "first-hand knowledge of the facts affirmed herein." Pierce states that "Mayan Metzler is not a party according to the Court Docket.  *See* Case Summary annexed hereto as Exhibit A."  According to Pierce, Knox has "actual knowledge of the subpoena, he was in possession thereof as it was emailed to him prior to it being served on Plaintiff."  Pierce states that, "to the extent that certain discovery questions were answered, they were not answered in Plaintiff's capacity as a principal of MCI."  Pierce asserts that it is the defendants' position that the notice of plaintiff's deposition "was brought, and is sought to be enforced pursuant to an improper statute."

Mayan Metzler states in his declaration, sworn and subscribed before a notary public and attached to Pierce's declaration: (i) "I do not live in New York City"; (ii) "On March 17, 2020, I lived at 165 Galway Rd. Windham NY 12496, where I continue to reside"; (iii) "[a]ttending an in-person deposition would be a tremendous hardship for me given the distance I live"; and (iv) "I am concerned for my health due to COVID-19 and fear the possibility of contracting the disease if I were forced to attend."

## LEGAL STANDARD

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

> Fed. R. Civ. P. 26(b)(1).

"A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2).  The deponent's attendance may be compelled by subpoena under Rule 45."  Fed. R. Civ. P. 30(a)(1).  "A party who wants to depose a person by oral questions must give reasonable written notice to every other party."  Fed. R. Civ. P. 30(b)(1).

> Under Rule 30(b)(1) of the Federal Rules of Civil Procedure, a specific officer, director, or managing agent of a corporate party may be compelled to give testimony pursuant to a notice of deposition. A corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice.

> Schindler Elevator Corp. v. Otis Elevator Co., No. 06 Civ. 5377, 2007 WL 1771509, at *2 (S.D.N.Y. June 18, 2007).

"The parties may stipulate--or the court may on motion order--that a deposition be taken by telephone or other remote means."  Fed. R. Civ. P. 30(b)(4).

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

> The court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition; or (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

> Fed. R. Civ. P. 37(d)(1)(A).

Motions to compel under Fed. R. Civ. P. 37 "are entrusted to the sound discretion of the district court." U.S. v. Sanders, 211 F.3d 711, 720 (2d Cir. 2000).

> Every subpoena must: (i) state the court from which it issued; (ii) state the title of the action and its civil-action number; (iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and (iv) set out the text of Rule 45(d) and (e).

> Fed. R. Civ. P. 45(a)(1)(A).

"If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

> Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

> Fed. R. Civ. P. 45(b)(1).

A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is

employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c)(1).

A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.

Fed. R. Civ. P. 45(d)(2)(B).

"The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  Fed. R. Civ. P. 45(g).

## APPLICATION OF LEGAL STANDARD

### *Deficiencies in the Motion, Opposition and Reply Documents*

In their memorandum of law and Pierce's declaration, the defendants and their counsel appear to refer repeatedly to the Federal Rules of Civil Procedure as statutes.  The Federal Rules of Civil Procedure are not statutes.  To the extent that any statute is relevant to the defendants' motion, it is 28 U.S.C. § 1746, which states:

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: (1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)". (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare

12

(or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".

The declarations of the defendants' counsel, Pierce, in support of the motion and in reply failed to comply with this statute because they: (i) state erroneously that Pierce is "being duly sworn" whereas his declarations are unsworn; and (ii) are not "subscribed by [Pierce], as true under penalty of perjury." Moreover, Pierce's declarations include improperly legal arguments and conclusory assertions. Similarly, Knox's statement in his unsworn declaration that he "affirms the following under the penalties of perjury" does not comply with 28 U.S.C. § 1746, because it is not subscribed by Knox "**as true** under penalty of perjury" (emphasis added).

Local Civil Rule 7.1 of this court requires that a motion must include "[s]upporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion." Local Civil Rule 7.1(a)(3). The defendants' motion is not supported by admissible evidence because Pierce's unsworn declarations do not comply with 28 U.S.C. § 1746. Furthermore, the defendants attached improperly Exhibits G, H and I to their memorandum of law, without any affidavit identifying and explaining those exhibits. Similarly, the plaintiff's opposition to the motion is not supported by admissible evidence because Knox's unsworn declaration does not comply with 28 U.S.C. § 1746.

Notwithstanding the procedural deficiencies in the defendants' motion papers and the plaintiff's opposition to the motion, and in light of "a strong 'preference for resolving disputes on the merits'" in this circuit, New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (citation omitted), as well as Rule 1of the Federal Rules of Civil Procedure, the Court will consider the exhibits attached improperly to the plaintiff's memorandum of law in support of the motion, the

declarations, the exhibits attached to Pierce's defective declarations and the exhibits attached to Knox's defective declaration.

*Merits*

"In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975).  In opposition to the motion, the plaintiff does not claim any privilege; rather, he asserts lack of notice of the subpoena and objects to the subpoena based on the grounds of relevancy and scope.  The defendants do not argue that the plaintiff has no standing to assert lack of notice and object to the subpoena on the grounds of relevancy and scope.

Although in his February 19, 2020 e-mail correspondence with the defendants' counsel, Knox stated that his "office does not represent Mark Cox Designs, Inc.," Knox does not state in his July 9, 2020 declaration in opposition to the motion that he does not represent Mark Cox Designs, Inc. or the person subpoenaed, namely, "MARK COX, in his capacity as officer and principal of Mark Cox Designs, Inc."  The plaintiff does not address in his memorandum of law the defendants' assertion that MCI is his alter-ego, and he does not challenge "his capacity as officer and principal of Mark Cox Designs, Inc." in the subpoena.  Rather, the plaintiff resists the subpoena on lack of notice and the grounds available only to the subpoenaed party: relevance and scope.  Since the plaintiff in his opposition to the motion failed to address the defendants' assertions that MCI is his alter-ego and he is an "officer and principal of Mark Cox Designs, Inc.," the plaintiff acquiesced affirmatively to responding to the subpoena "in his capacity as officer and principal of Mark Cox Designs, Inc." by arguing that he already produced the information and objecting on the grounds of relevancy and scope.  Accordingly, the Court will address the arguments in connection with the subpoena.

14

<u>Whether "Defendants' Service of the Subject Subpoena Is Fatally Defective" for "Failure
to Comply with CPLR 3120(3)"</u>

The plaintiff asserts that the defendants' failure to comply with CPLR § 3120(3) is a fatal

procedural defect under New York law because the defendants "failed to provide any notice

whatsoever to Plaintiff's counsel that a subpoena had been served on March 2, 2020."  The

plaintiff did not explain why New York's procedural rule, namely, CPLR § 3120(3), requiring

that "[t]he party issuing a subpoena duces tecum . . . shall at the same time serve a copy of the

subpoena upon all other parties," applies in this case, rather than Rule 45(a)(4) of the Federal

Rule of Civil Procedure, requiring that "before [the subpoena commanding production of

documents] is served on the person to whom it is directed, a notice and a copy of the subpoena

must be served on each party."  Neither CPLR § 3120(3) nor Rule 45(a)(4) of the Federal Rules

of Civil Procedure require that a party issuing a subpoena provide notice to a party to the action,

<u>after serving the subpoena</u>, that the subpoena "had been served."  Thus, the plaintiff's argument

that the defendants' motion must be denied based on a fatal procedural defect because the

defendants "failed to provide any notice whatsoever to Plaintiff's counsel that a subpoena had

been served on March 2, 2020" is rejected as baseless and meritless.

Attached improperly to the defendants' memorandum of law in support of the motion is

Exhibit I, not disputed by the plaintiff, containing e-mail communications between the

defendants' counsel and the plaintiff's counsel.  On February 18, 2020, the defendants' counsel

sent Knox the following message: "Pursuant to the judge's directive, we are subpoenaing records

from Mark Cox Design, Inc.  Will you accept email service on behalf of the entity?  If not, please

provide an address to serve the company."  On February 19, 2020, Knox responded: "My office

does not represent Mark Cox Designs, Inc. Accordingly, I am not in the appropriate position to

accept service on its behalf or provide you with information regarding the company."  On

February 18, 2020, the defendants' counsel sent an e-mail message with three attachments to Knox stating: "Pursuant to FRCP 41,[1] please find attached the (i) Notice of Subpoena, (ii) Subpoena, and (iii) Revised Combined Discovery which are required to be served on the parties prior to being served on third-party Mark Cox Designs, Inc." On February 26, 2020, the defendants' counsel sent an e-mail message to Knox stating: "Pursuant to the judge's order, we served a subpoena on Mark Cox Designs, Inc (MCI)." Based on uncontested communications between the parties' attorneys, the Court finds that the defendants complied with Rule 45(a)(4) by providing notice and a copy of the subpoena to the plaintiff before it was served on the person named in the subpoena.

Although the plaintiff points out the discrepancy between the defendants' assertion in their memorandum of law that, "on March 2, 2020, service was finally effected by depositing a copy of Defendants' subpoena with the Florida Secretary of State (*See* Affidavit of Service annexed as Exhibit G)," and Exhibit G, styled "Affidavit of Service – Secretary of State," indicating that the subpoena was served on March 2, 2020, "at the office of the Secretary of State of the State of NY, located at 99 Washington Ave, 6th Fl, Albany, New York 12231," the plaintiff does not challenge service on the New York Secretary of State of the subpoena issued to him "in his capacity as officer and principal of non-party Mark Cox Designs, Inc." The plaintiff also does not contest "his capacity as officer and principal of non-party Mark Cox Designs, Inc." Accordingly, the Court finds that denying the motion on the ground of defective service of the subpoena is not warranted.

"Information Sought Through the Subject Subpoena Has Either Already Been Provided or is Otherwise Outside of the Scope of Rule 26"

---

[1] The Court assumes that "FRCP 41" was intended to be "FRCP 45," since Rule 41 concerns dismissals of an action and Rule 45 concerns the subpoena.

16

The defendants assert that the subpoena seeks information that is: (i) relevant to its defense, namely "that Plaintiff has no claim under the FLSA since, as a salesperson, he rendered his services as an independent contractor through his own company, MCI"; and (ii) proportional to the needs of the case because "it is limited to the relevant period" and "would not cost Plaintiff any extravagant expense since" his responses which "are exclusively within his knowledge, "can be transmitted digitally."  In connection with the subpoena seeking answers to interrogatory Nos. 2, 5, 14, 15, 24 and 26 and responses to 17 document demands, the plaintiff argues that "information sought through the subject subpoena has either already been provided or is otherwise outside of the scope of Rule 26," addressing only interrogatory Nos. 2, 5 and 15 and document demands 8, 9 and 10.

The plaintiff asserts in the memorandum of law that he "already provided valid responses" to the interrogatories, and, without any evidence in support, that the plaintiff's counsel clarified multiple times that Mark Cox Designs, Inc. "is no longer conducting any business and that its only business was in relation to the work performed by Plaintiff in relation to his employment with Defendants."  Moreover, the plaintiff asserts, without any evidence in support, that he already provided "all documentation within his possession, custody, or control responsive to Demands 9 and 10."  To the extent that the plaintiff relies on the documents he asserts he produced in response to document demands 8, 9 and 10 in his capacity as the plaintiff and not corporate representative, Exhibit C to Pierce's declaration in support of the motion, styled "Response to Defendants' Combined First Set of Interrogatories and Requests for Production of Documents" shows that the plaintiff objected to document demands Nos. 8, 9 and 10, without indicating production of any documents.  Exhibit C also shows that, in response to interrogatory Nos. 2 and 5, the plaintiff responded "N/A" and, in response to interrogatory No.

15, he responded: "Defendants have been provided with a calculation of Plaintiff's damages."

No evidence supports the plaintiff's assertion that he "already provided valid responses" to

interrogatory Nos. 2, 5 and 15.  The plaintiff did not address interrogatories other than Nos. 2, 5

and 15 and document demands other than Nos. 8, 9 and 10, and he did not provide any evidence

showing that he provided "valid responses" to interrogatories and produced documents

responsive to document demands not addressed in his memorandum of law.  The plaintiff's self-

serving assertion that information sought by the subpoena has already been provided is

unsupported and meritless.

The plaintiff asserts that document demand No. 8, seeking tax documents, is beyond the

scope of Rule 26 because "tax returns have no bearing whatsoever on resolving whether Plaintiff

was an employee or an independent contractor."  The plaintiff did not serve written objections to

the subpoena, as required by Fed. R. Civ. P. 45(d)(2)(B); thus, his objection is rejected as

untimely.  Even if not untimely under Rule 45, and considering that the plaintiff objected to

document demand No. 8 as irrelevant in his non-corporate representative capacity, the objection

is overruled because, contrary to the plaintiff's assertion, the Court finds that the plaintiff's tax

returns are relevant and proportional to the needs of this case, including the issue of whether, as

the defendants assert, the plaintiff was "a salesperson" who "rendered his services as an

independent contractor through his own company, MCI."  The plaintiff does not assert that the

subpoena is unduly burdensome.  The Court finds that the subpoena seeks relevant information

and is not unduly burdensome.

Pierce states in his reply declaration that, "to the extent that certain discovery questions

were answered, they were not answered in Plaintiff's capacity as a principal of MCI."  That is

understandable.  Although the subpoena issued to the plaintiff in "his capacity as officer and

principal of non-party Mark Cox Designs, Inc.," the attached document styled "Defendants'

Revised Combined First Set of Interrogatories and Requests for Production of Documents,"

dated February 18, 2020, was directed to "Plaintiff Mark Cox," and defined the plaintiff to mean

"Mark Cox, his agents, servants, employees, independent contractors and other representatives."

Nowhere in the subpoena did the defendants direct the plaintiff to respond to the defendants'

interrogatories and document demands in "his capacity as officer and principal of non-party

Mark Cox Designs, Inc.," nor did they conform the interrogatories and document demands to the

person subpoenaed, namely, the plaintiff in "his capacity as officer and principal of non-party

Mark Cox Designs, Inc."  Attaching the document styled "Defendants' Revised Combined First

Set of Interrogatories and Requests for Production of Documents" and directed to the plaintiff, to

the subpoena issued to the plaintiff in "his capacity as officer and principal of non-party Mark

Cox Designs, Inc." was improper.  However, the plaintiff did not challenge that impropriety.  In

light of Rule 1 of the Federal Rules of Civil Procedure and to avoid a further expenditure of

resources, the Court finds that granting the defendants' motion to compel the plaintiff to respond

to the subpoena in "his capacity as officer and principal of non-party Mark Cox Designs, Inc." is

warranted.

"Both Non-Parties Mayan Metzler and Nurit Metzler Should be Served Personally by
Plaintiff and Deposed Pursuant to Rules 45 and 30(b)(4)"

Mayan Metzler

The defendants assert in the memorandum of law, signed by Pierce on June 26, 2020, that

"neither of the Metzlers is a party to this action."  This assertion is frivolous because Mayan

Metzler is a named defendant in this action.  See Docket Entry No. 19 (Amended Complaint,

filed on July 9, 2018); Docket Entry No. 31 (Defendants' Answer. Affirmative Defenses and

Counterclaims to Plaintiff's Amended Complaint, filed on September 28, 2018).  Most

19

astoundingly, Pierce asserts in his declaration in reply, signed on July 14, 2020, that "Mayan

Metzler is not a party according to the Court's Docket," despite the facts that: (a) "Defendants

GERMAN KITCHEN CENTER, LLC, GERMAN KITCHEN CENTER, NEW YORK, LLC,

and MAYAN METZLER ('Defendants')" answered the amended complaint, on September 28,

2018; and (b) Pierce signed a letter representing to the assigned district judge, on June 12, 2020,

that "[o]ur firm represents the defendants, Mayan Metzler, German Kitchen Center LLC, and

German Kitchen Center NY LLC," Docket Entry No. 42.

Furthermore, in their answer to the amended complaint, the defendants admitted the

following allegations from the amended complaint: (1) Mayan Metzler is a defendant in this

action; (2) "Mayan Metzler is an adult, natural person who is the manager and principal of

German Kitchen Center LLC and German Kitchen Center, New York, LLC" (Am. Compl. ¶ 6,

Docket Entry No. 19); and (3) "Mayan Metzler exercises control over and is the most senior

officer or managing member of German Kitchen Center LLC and German Kitchen Center, New

York, LLC" (Am. Compl. ¶ 7, Docket Entry No. 19).  "A judicial admission is a statement made

by a party or its counsel which has the effect of withdrawing a fact from contention and which

binds the party making it throughout the course of the proceeding."  In re Motors Liquidation

Co., 957 F.3d 357, 360 (2d Cir. 2020).  "[I]n order for a statement to constitute a judicial

admission it must not only be a formal statement of fact but must also be intentional, clear, and

unambiguous."  Id. at 361.  The defendants' statements, in their answer, that: (i) Mayan Metzler

is a defendant in this action; (ii) "Mayan Metzler is an adult, natural person who is the manager

and principal of German Kitchen Center LLC and German Kitchen Center, New York, LLC";

and (iii) "Mayan Metzler exercises control over and is the most senior officer or managing

member of German Kitchen Center LLC and German Kitchen Center, New York, LLC," are

intentional, clear and unambiguous, and the defendants do not assert otherwise. The defendants "at no time moved to amend [their] amended answer and [they do] not now claim fraud or mistake"; thus, these statements constitute "formal judicial admission" that are conclusively binding on the defendants in this action.  Western World Inc. Co. v. Stack Oil, Inc., 922 F.2d 118, 122 (2d Cir. 1990).

Additionally, Exhibit I, attached improperly to the defendants' memorandum of law in support of the motion, contains the March 2, 2020 communication from Pierce to Knox stating: "Mayan Metzler is a named party in this action and also an officer of the defendant corporations. Further, he is represented by Pierce & Kwok in this action.  Therefore [it is] understandable why you would serve the notice of deposition for him on us."  Pierce's continuing assertion, in his reply declaration, that "Mayan Metzler is not a party" in this action, without any claim of fraud or mistake in the amended answer and despite the fact that Pierce represents all defendants including Mayan Metzler, and his law firm admitted to the plaintiff's counsel that "Mayan Metzler is a named party to this action," is frivolous, wasteful of the Court's and parties' resources and bad faith sanctionable conduct.  The Court finds that Mayan Metzler is the party to this action and was served properly with notice of the deposition under Rule 30.  Accordingly, compelling the plaintiff to depose Mayan Metzler pursuant to Rule 45 is not warranted.

### Nurit Metzler

The defendants assert in their memorandum of law, without citation to any evidence, that Nurit Metzler is "a senior who is in a high-risk population of being infected" by the virus causing the coronavirus disease COVID-19, and "is domiciled in Israel."  In his opposing memorandum of law, the plaintiff asserts, without citation to any evidence, that Nurit Metzler "is an officer of the corporate defendants."  Exhibits D and E to Knox's declaration in opposition to the motion

21

contain e-mail communications from Pierce to Knox dated: (a) March 2, 2020, in which Pierce states that Nurit Metzler "is not a party to the action nor is represented by our firm"; and (b) March 3, 2020, in which Pierce states: "I'm still waiting to hear back as regards Nurit Metzler and if/she still remains in the employ of any of the defendant companies."  The court finds that Nurit Metzler is not a named party to this action.  As no evidence exists about non-party Nurit Metzler's role, if any, in connection with this action, compelling the plaintiff to depose Nurit Metzler pursuant to Rule 45 is not warranted.

Depositions by Remote Means

The defendants assert that they suggested to the plaintiff that Mayan Metzler and Nurit Metzler should be deposed via videoconference due to "the COVID019 pandemic" and "the fact that Nurit Metzler" is "a senior who is in a high-risk population of being infected."  As no evidence was provided in connection with the instant motion about Nurit Metzler, Nurit Metzler's role in connection with this action or that Nurit Metzler "is an officer of the corporate defendant" and "a senior who is in a high-risk population of being infected," granting the defendants' motion to depose Nurit Metzler by remote means is not warranted.

Mayan Metzler, the party to this action, states in his declaration that, because he lives in Windham, New York, "[a]ttending an in-person deposition would be a tremendous hardship for me given the distance I live," and Mayan Metzler is "concerned for my health due to COVID-19 and fear the possibility of contracting the disease if I were forced to attend."  Other than asserting, in a conclusory fashion, "a tremendous hardship" based on "the distance" from the court and a concern for health "due to COVID-19," Mayan Metzler failed to provide any details explaining the nature and extent of: (i) "a tremendous hardship" based on the distance from the court; and (ii) a concern for health due to COVID-19 specific to Mayan Metzler.  Generalized

and self-serving assertions of "a tremendous hardship" and health concerns "due to COVID-19," without more, are insufficient to convince the Court that it is warranted to take Mayan Metzler's deposition by telephone or other remote means.

> "Plaintiff Should be Found in Contempt, and Sanctions Should be Imposed on Both Plaintiff and his Attorney for Their Willful Violations of Rule 37 and Rule 45"

The defendants assert that: (1) the plaintiff should be found in contempt "because, despite having notice for over three months that a subpoena was directed at him, which was served on his business as well as emailed to his attorney, he has refused to respond thereto"; and (2) both the plaintiff and counsel "should be sanctioned and forced to pay  Defendants' attorney's fees related to the instant motion since Plaintiff's attorney refused to (i) accept service of the subpoena; (ii) hold video depositions months ago, (ii) [sic] conform his deposition notices to the relevant statute even after Defendants' counsel alerted him to the controlling statutes and case law, and, upon information and belief, (iii) advise his client to respond to the subpoena."  The plaintiff asserts that he "did not violate the Federal Rules," and he fulfilled his discovery obligations "where he properly responded to the disclosure items" and "the subpoena served on the New York Secretary of State is a legal nullity due to Defendants' failure to comply with applicable statute."

The defendants seek sanctions for "willful violation of Rule 37" asserting that the plaintiff refused to respond to the subpoena "directed at him."  However, Rule 37 does not govern subpoenas.  The defendants did not make a motion to compel the plaintiff to respond fully to their discovery requests directed at the plaintiff; rather, they decided to challenge what they perceived were deficient responses from the plaintiff and to obtain, better responses by issuing the subpoena directed at the plaintiff "in his capacity as officer and principal of Mark

Cox Designs, Inc." Thus, requesting sanctions under Rule 37 based on the alleged failure to respond to the subpoena under Rule 45 is inappropriate.

The defendants also seek sanctions against the plaintiff and his counsel for counsel's refusal to accept the subpoena. However, in connection with the subpoena, on February 19, 2020, Knox informed the defendants' counsel: "My office does not represent Mark Cox Designs, Inc. Accordingly, I am not in the appropriate position to accept service on its behalf or provide you with information regarding the company." The defendants failed to submit any evidence to the contrary. The defendants failed to make citation to any authority permitting sanctions to be imposed on the plaintiff and the plaintiff's counsel for counsel's refusal to accept the subpoena directed to the corporate non-party whom counsel did not represent. The defendants seek sanctions against the plaintiff and his counsel for counsel's refusal to "hold video depositions months ago." The defendants do not make citation to any authority, including any court order in this case, permitting "video depositions" to be conducted. Thus, the defendants' request for sanctions on this ground is baseless. The defendants seek sanctions against the plaintiff and his counsel for counsel's failure to "conform his deposition notices to the relevant statute," without identifying "the relevant statute." Thus, the defendants' request for sanctions on this ground is baseless. The defendants also seek sanctions against the plaintiff and his counsel for counsel's failure to "advise his client to respond to the subpoena." The defendants failed to make citation to any authority for the proposition that sanctions can be imposed on counsel in a civil action on the ground of counsel's advice or lack of advice to counsel's client. The Court finds that this ground is frivolous and asserted by the defendants in bad faith.

The Court finds that the defendants failed to show that imposing sanctions on the plaintiff in the circumstance of this case is warranted.

<u>"Plaintiff is Entitled to Sanctions Where Defendants' Motion for a Protective Order is Frivolous" and "Where Defendants Failed to Appear for Depositions"</u>

The plaintiff failed to comply with Local Civil Rule 7.1(b) of this court providing that "an opposing party who seeks relief that goes beyond the denial of the motion shall comply as well with Local Civil Rule 7.1(a)(1)" of this court.  Local Civil Rule 7.1(a)(1) of this court provides that all motions must include a notice of motion, "which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion."  The plaintiff did not file a notice of motion.  Notwithstanding this procedural failure, Court will address the merits of the plaintiff's arguments.

The plaintiff asserts that sanctions should be imposed on the defendants because their motion for a protective order is frivolous, as it "has no reasonable basis in law and fact." However, the defendants did not make a motion for a protective order under Rule 26(c)(3), cited by the plaintiff, as that rule is not mentioned in the defendants' notice of motion or memorandum of law; rather, their motion concerning depositions by remote means is based on Rule 30(b)(4) and Rule 45.  The plaintiff failed to establish that the defendants' motion concerning depositions is frivolous.

The plaintiff contends that sanctions should be imposed on the defendants pursuant to Rule 37(d) because "defendant Mayan Metzler and corporate officer Nurit Metzler" failed to appear for their depositions noticed for March 17, 2020.  It appears that Mayan Metzler and Nurit Metzler failed to appear for their depositions noticed for March 17, 2020, and the defendants did not raise the issue of notice of depositions of Mayan Metzler and Nurit Metzler with the assigned district judge until June 12, 2020.  However, in the circumstances of this case, where the parties attempted to meet and confer to resolve the issues raised in this motion, including the scheduling of the noticed depositions, and the fact that the President of the United

States issued a "Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-10) Outbreak" on March 13, 2020, a few days before the noticed depositions, the Court finds that imposing sanctions on Mayan Metzler and Nurit Metzler for failing to attend their depositions, on March 17, 2020, is not warranted.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion to compel, Docket Entry No. 45, is granted in part and denied in part. On or before September 8, 2020, the plaintiff shall respond to the subpoena in "his capacity as officer and principal of non-party Mark Cox Designs, Inc." Mayan Metzler shall be deposed in person and in accordance with the COVID-10 protocols in effect, on or before September 15, 2020.

Dated: New York, New York                    SO ORDERED:
      September 2, 2020

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

26