UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARK COX,                                                                   :

                                        Plaintiff,         :         **MEMORANDUM AND ORDER**

                         v.                                    :         17-CV-6081 (GBD) (KNF)

GERMAN KITCHEN CENTER LLC AND               :
GERMAN KITCHEN CENTER, NEW YORK, LLC,

                                                                   :
                                        Defendants.
------------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Before the Court are: (1) the defendants' motion for an order "(i) pursuant to FRCP 45(g)

holding Plaintiff in contempt, and (ii) pursuant to FRCP Rule 37(b)(2)(A) sanctioning Plaintiff

for his failure to comply with the Court's Order filed on September 2, 2020," Docket Entry No.

62; and (2) the plaintiff's cross-motion for sanctions "pursuant to 28 U.S.C. § 1927," Docket

Entry No. 67.

## SEPTEMBER 2, 2020 ORDER (DOCKET ENTRY NO. 56)

On September 2, 2020, the Court found that: (a) "the defendants complied with Rule

45(a)(4) by providing notice and a copy of the subpoena to the plaintiff before it was served on

the person named in the subpoena"; (b) "[t]he plaintiff's self-serving assertion that information

sought by the subpoena has already been provided is unsupported and meritless"; (c) the

plaintiff's objection that "document demand No. 8, seeking tax documents, is beyond the scope

of Rule 26" is untimely and meritless because "the plaintiff's tax returns are relevant and

proportional to the needs of this case"; (d) "the subpoena seeks relevant information and is not

unduly burdensome"; (e) granting the defendants' motion to compel the plaintiff to respond

to the subpoena in "his capacity as officer and principal of non-party Mark Cox Designs, Inc." is

1

warranted"; (f) "Mayan Metzler is the party to this action and was served properly with notice of the deposition under Rule 30" and "compelling the plaintiff to depose Mayan Metzler pursuant to Rule 45 is not warranted"; (g) "[a]s no evidence exists about non-party Nurit Metzler's role, if any, in connection with this action, compelling the plaintiff to depose Nurit Metzler pursuant to Rule 45 is not warranted"; (h) "granting the defendants' motion to depose Nurit Metzler by remote means is not warranted"; (i) taking "Mayan Metzler's deposition by telephone or other remote means" is not warranted; (j) "requesting sanctions under Rule 37 based on the alleged failure to respond to the subpoena under Rule 45 is inappropriate"; (k) "the defendants failed to show that imposing sanctions on the plaintiff in the circumstance of this case is warranted"; (l) "[t]he plaintiff failed to establish that the defendants' motion concerning depositions is frivolous"; and (m) "imposing sanctions on Mayan Metzler and Nurit Metzler for failing to attend their depositions, on March 17, 2020, is not warranted." The September 2, 2020 order directed that: (1) "[o]n or before September 8, 2020, the plaintiff shall respond to the subpoena in his capacity as officer and principal of non-party Mark Cox Designs, Inc"; and (2) "Mayan Metzler shall be deposed in person and in accordance with the COVID-19 protocols in effect, on or before September 15, 2020."

## RELEVANT PROCEDURAL HISTORY

On September 8, 2020, the plaintiff made a motion for a stay of enforcement of the September 2, 2020 order, Docket Entry No. 58, "to the extent that it sought disclosure of the income tax returns of Mark Cox and Mark Cox Designs, Inc. and ordered the same to be produced on or before September 8, 2020." Docket Entry No. 58-1. On September 9, 2020, the plaintiff filed his objections to the September 2, 2020 order, "to the extent that it grants the defendants' motion to compel the disclosure of the income tax returns of Mark Cox and Mark

2

Cox Designs, Inc." Docket Entry No. 59. On September 10, 2020, "Plaintiff's motion to stay enforcement of Magistrate Judge Fox's September 2, 2020 order that Plaintiff produce income tax returns of Mark Cox and Mark Cox Designs, Inc." was granted "to the extent that Plaintiff's obligation to produce those documents is stayed until September 25, 2020." Docket Entry No. 60. The defendants made their instant motion on September 18, 2020. Docket Entry No. 62. On September 22, 2020, "[t]he stay of the plaintiff's obligation to produce income tax returns of Mark Cox and Mark Cox Designs, Inc. [was] extended from September 25, 2020 to October 9, 2020." Docket Entry No. 65. On October 5, 2020, the plaintiff made his instant cross-motion. Docket Entry No. 67. On October 6, 2020, the Court's September 2, 2020 order was affirmed, and the plaintiff directed to produce the income tax returns of Mark Cox and Mark Cox Designs, Inc. upon expiration of the stay order on October 9, 2020. Docket Entry No. 71.

## DEFENDANTS' MOTION

The defendants assert that: (A) "plaintiff's responses to the discovery and subpoena do not comply with the order"; and (B) "plaintiff should be sanctioned and held in contempt for violating the order." The defendants assert that the plaintiff failed to comply with the Court's September 2, 2020 order, Docket Entry No. 56, in which the Court "noted Plaintiff's lack of compliance with Discovery by rejecting Plaintiff's meaningless responses of 'N/A/' and his unfounded claims that he 'already provided valid responses.'" The defendants contend that the "plaintiff's responses are deficient." According to the defendants, the September 2, 2020 order "did not permit Plaintiff to pick and choose to which items he would respond" and "of the 27 interrogatories propounded, Plaintiff only purported to respond to six of them, 2, 5, 14, 15, 24 and 26." The plaintiff's responses to document requests constitute "nominal" compliance with the order. Since the plaintiff failed to make timely objections, "he forfeited his right to object.

Consequently, to comply with the Order, Plaintiff was required to respond fully to each interrogatory and document in the Discovery.  But Plaintiff opted not to respond in full. Instead, Plaintiff renewed its 'N/A' responses and objections, thereby violating the Order."

For example, in response to interrogatory 15, the plaintiff claims, without any proof, that he has already provided information.  However, interrogatory 15 seeks an affirmation or a denial, neither of which was provided by the plaintiff; thus, his answer is non-responsive.  The plaintiff failed to respond substantively to interrogatory 26.  The plaintiff objected to document requests 6, 9, 19, 11, 12, and 13; however, his objections have been waived, and he responded "N/A" to document requests 14 through 17, which is a meaningless response, all in violation of the Court's September 2, 2020 order.

Concerning their argument under the subheading "Sanctions," pursuant to Fed. R. Civ. P. 37, the defendants assert that the plaintiff violated the order willfully by: (i) "making objections even though he is now proscribed from doing so"; (ii) "not responding fully to each item in the Discovery"; or (iii) "failing to respond to some of the Discovery altogether, in either or all cases."  The defendants contend:

> Here, Plaintiff has willfully opted to disobey the Order. Plaintiff chose not to respond at all to 21 of the 27 Interrogatories and he objected to most of the Document Demands. Plaintiff has had the Discovery in his possession for over a year. Thus, Plaintiff had more than ample time to ask for clarification if there were something in the Discovery about which Plaintiff was unclear. He chose not to do that, which demonstrates that Plaintiff did not and does not care to comply with his duty to disclose. Therefore, the Court must prove to Plaintiff that he cannot dictate which procedural rules he will and will not follow.  Accordingly, Defendants ask that the Court render a default judgment against Plaintiff.  Or, in the alternative, Plaintiffs entreat the Court to dismiss the Complaint, so that this proceeding can be limited to hearing Defendants' counterclaims. Or, alternatively, Plaintiffs request that the Court instruct the jury to make a negative inference against Plaintiff by finding that (i) all payments remitted to Plaintiff by Defendants were pursuant to invoices issued by MCI, (ii) Plaintiff's tax returns show that the monies he earned from Defendants were reported as income earned by MCI to the IRS, and (iii) MCI

failed to comply with corporate formalities and is nothing more than an alter-ego of Mark Cox.

Concerning their argument under the subheading "Civil Contempt" pursuant to Fed. R. Civ. P. 45(g), the defendants contend that they complied with Local Civil Rule 83.6, the Court's September 2, 2020 order was clear and ambiguous, and "Plaintiff has disobeyed the Order by not responding fully to each of the Discovery, including those demands related to Plaintiff's tax returns. Plaintiff's responses clearly demonstrate his lack of compliance." In support of the motion, the defendants submitted their counsel's declaration with exhibits.

### PLAINTIFF'S CROSS-MOTION AND OPPOSITION TO THE DEFENDANTS' MOTION

The plaintiff argues that he is "entitled to sanctions against defendants and their counsel for their frivolous motion filings." He seeks sanctions "for the frivolous conduct already recognized by this Court," namely, the Court "already held that defense counsel's repeated assertion that Mayan Metzler is not a party to this action 'is frivolous, wasteful of the Court's and parties' resources and bad faith sanctionable conduct.'" According to the plaintiff, the defendants' motion for sanctions is frivolous as it seeks "sanctions against the plaintiff for imagined failures to respond to interrogatories that were not posed and to produce documents that both sides acknowledge do not exist." The plaintiff asserts that the defendants seek production of documents they "acknowledged never existed in the first place," and the remainder of the documents sought "were produced to the extent that Plaintiff has such documents within his possession, custody, or control and Defendants are otherwise in a better position to obtain copies of the remainder of responsive documents because such documents consist entirely of Defendants' own checks, and other documents in electronic form located on Defendants' own servers." The plaintiff seeks "sanctions upon defense counsel" for his frivolous conduct in

connection with the defendants' motion to compel and the instant motion for sanctions and an award of reasonable attorney's fees concerning the frivolous motions.

In support of his cross- motion and opposition to the defendants' motion, the plaintiff submitted his declaration with Exhibit A, "the August 26, 2014 email chain that I produced with my Rule 26 initial disclosures," and his counsel's declaration in which counsel stated that on multiple occasions he discussed discovery with the defendants' counsel and "explained that, where Plaintiff responded 'N/A' to a document request, it was Plaintiff's position that no such document exists, and that Defendants have asserted same throughout their prior counsel." The plaintiff asserts in his declaration, with respect to document request No. 6, that he "did not retain copies of the invoices created through the online banking system" and, prior to commencing this action, "I learned that Bank of America discontinued use of the invoicing tool in the online banking system when I had tried to use it." According to the plaintiff, "[d]ue to Bank of America's discontinuance of the invoicing tool, I do not have access to the invoices and am unable to produce them now." The plaintiff asserts that he provided documentation containing a calculation of his damages to the defendants during mediation, and he is "not in possession of any other documents responsive to Document Demand 6 other than those already provided." Concerning document request No. 9, the plaintiff asserts that he produced copies of checks he received from the defendants payable to him in his individual capacity and to Mark Cox Designs, Inc. "which are in my possession, custody or control." The plaintiff contends that "[t]here is no such demand numbered 19," and "[t]here is no document in existence that is responsive to" document request No. 11. Concerning document request Nos. 12 and 13, the plaintiff contends he already produced responsive emails and no longer has access to "this email account," which is on the defendants' server. The plaintiff asserts that no documents responsive to document

request Nos. 14-16 exist because he has not entered into any written agreement with the defendants in his individual capacity or that of the sole officer of Mark Cox Design, Inc. The plaintiff contends he is not in possession of any documents responsive to document request No. 17.

## DEFENDANTS' OPPOSITION TO THE CROSS-MOTION AND REPLY

The defendants assert that the plaintiff's cross-motion for sanctions is untimely because he failed to make the motion "when the matter of whether Mayan Metzler was a named party was previously before the Court. And in the Opposition, Plaintiff failed to refute the assertions made by Defendants in their moving papers . . . , thereby admitting said assertions." The defendants argue that no basis exists to sanction them because their "reliance in the caption to determine the named parties to this action is supported by legal authority, therefore defendants should not be sanctioned for their reliance and stating that Mayan Metzler was not a named party." According to the defendants, they made no baseless motions, as the Court granted in part the defendants' motion to compel, the instant motion is based on the defendants' failure to comply with the Court's order, and none of the factors required for sanctions under 28 U.S.C. § 1927 are present here. The defendants contend that the plaintiff failed to address the facts and law set forth in their motion, admitting them as a result.

## LEGAL STANDARD

### Civil Contempt

"The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

> [A] contempt order is, we have recognized, a "potent weapon, to which courts should not resort where there is a fair ground of doubt as to the wrongfulness of the

defendant's conduct." *King v. Allied Vision, Ltd.,* 65 F.3d 1051, 1058 (2d Cir.1995) (internal quotation marks and citation omitted).  A court may, however, hold a party in contempt for violation of a court order when "the order violated by the contemnor is clear and unambiguous, the proof of non-compliance is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply." *EEOC v. Local 638,* 81 F.3d 1162, 1171 (2d Cir.1996) (internal quotation marks omitted).

S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 144–45 (2d Cir. 2010).

"A clear and unambiguous order is one that leaves 'no uncertainty in the minds of those to whom it is addressed.'"  King, 65 F.3d at 1058 (citation omitted).  In cases, such as this one, in which United States magistrate judges do not preside with the consent of the parties and where "the act constitutes a civil contempt," their civil contempt authority is limited to certifying "the facts to a district judge."  28 U.S.C. § 636(e)(6)(B)(iii).

### *Fed. R. Civ. P. 37 Sanctions*

If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

Several factors may be useful in evaluating a district court's exercise of discretion to dismiss an action under Rule 37.  These include: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of ... noncompliance."

Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (citation omitted).

"A district court has wide discretion in imposing sanctions, including severe sanctions, under

Rule 37(b)(2)." Daval Steel Prod. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991).

> The discovery provisions of the Federal Rules of Civil Procedure are "designed to achieve disclosure of all the evidence relevant to the merits of a controversy." It is intended that this disclosure of evidence proceed at the initiative of the parties, free from the time-consuming and costly process of court intervention. When a party seeks to frustrate this design by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate.

> Id. (internal citations omitted).

Although severe "sanctions should be imposed only for serious violations of discovery orders"

they "are justified, however, when the failure to comply with a court order is due to willfulness

or bad faith, or is otherwise culpable." Id. at 1367. "Clearly, the most severe of [the Fed. R. Civ.

P. 37(b)(2)(A)] sanctions for a disobedient plaintiff is the dismissal of his action; the most severe

for a disobedient defendant is the imposition of a default. '[D]ismissal or default' should be

ordered 'only when the district judge has considered lesser alternatives.'" S.E.C. v. Razmilovic,

738 F.3d 14, 24 (2d Cir. 2013), as amended (Nov. 26, 2013).

### *Counsel's Liability for Excessive Costs*

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

> 28 U.S.C.A. § 1927.

### APPLICATION OF LEGAL STANDARD

The defendants' September 18, 2020 motion for sanctions was made in violation of the

September 10, 2020 order, which stayed, until September 25, 2020, enforcement of the

September 2, 2020 order "that Plaintiff produce income tax returns of Mark Cox and Mark Cox

9

Designs, Inc." because the motion seeks sanctions in connection with the matters subject to the September 2, 2020 order, including relevant income tax returns. The defendants' September 18, 2020 motion for sanctions was made improperly while the plaintiff's September 9, 2020 objections to the September 2, 2020 order were pending.

The plaintiff's October 5, 2020 cross-motion for sanctions was made in violation of the September 22, 2020 order extending the stay of "Plaintiff's obligation to produce income tax returns," from September 25, 2020 to October 9, 2020, because the cross-motion seeks sanctions against the defendants related to the matters subject to the September 2, 2020 order. The plaintiff's October 5, 2020 cross-motion was made improperly while his September 9, 2020 objections were pending.

Having been made improperly while (i) the stay of the September 2, 2020 order was in effect and (ii) the plaintiff's September 9, 2020 objections to the Court's September 2, 2020 order were pending, the Court finds it is appropriate to deny both the defendants' motion, Docket Entry No. 62, and the plaintiff's cross-motion, Docket Entry No. 67. Alternatively, the merits of the parties' motions are addressed below.

***Defendants' Motion for Civil Contempt***

The defendants assert that the Court's September 2, 2020 order directing the plaintiff to respond to the subpoena in "his capacity as officer and principal of non-party Mark Cox Designs, Inc." was clear and unambiguous, which the plaintiff does not contest. Although the Court referenced erroneously the motion it was resolving in the Conclusion section of its September 2, 2020 order as "the plaintiff's motion to compel" instead of "the defendants' motion to compel," the Court referenced properly the defendants' motion filed under Docket Entry No. 45 when it granted the defendants' motion to compel in part and denied it in part. The parties did not bring

10

this error to the Court's attention or challenge in any way the clarity and unambiguous nature of the September 2, 2020 order. Thus, the Court finds that the September 2, 2020 order was clear and unambiguous.

In the section "Civil Contempt" of their memorandum of law, the defendants identified the standard governing civil contempt, followed by a single paragraph containing self-serving legal conclusions that "Plaintiff has disobeyed the Order by not responding fully to each of the Discovery, including those demands related to Plaintiff's tax returns. Plaintiff's responses clearly demonstrate his lack of compliance," without any citation to clear and convincing evidence or legal authorities supporting the proposition that a party may be held in civil contempt for "not responding fully to each of the Discovery, including those demands related to Plaintiff's tax returns." The defendants' assertion that "Plaintiff's responses clearly demonstrate his lack of compliance," without more, is baseless, and it appears to be based on the defendants' argument that the plaintiff failed to make timely objections and "forfeited his right to object. Consequently, to comply with the Order, Plaintiff was required to respond fully to each interrogatory and document in the Discovery. But Plaintiff opted not to respond in full. Instead, Plaintiff renewed its 'N/A' responses and objections, thereby violating the Order." The defendants do not identify any language in the September 2, 2020 order in support of their argument that the plaintiff "forfeited his right to object" with respect to each objection the plaintiff made in responding to the subpoena after he was directed to do so by the September 2, 2020 order.

The plaintiff responded "N/A" to interrogatory No. 2 and document request Nos. 2, 3, each of which was followed by an additional explanation. The plaintiff responded "N/A" to document request Nos. 14 to 17, seeking all agreements with and documents evidencing any

11

promise made to the plaintiff by the defendants.  The plaintiff explained in his declaration in

opposition to the motion that he responded "N/A" to document request nos. 14-16 because he has

never entered into any written agreement with the defendants and no documents responsive to

document request No. 17 exist in his possession, custody or control.

Concerning the plaintiff's responses to interrogatory Nos.  2, 5, 14, 15, 24 and 26, cited

by the defendants in their memorandum of law, the plaintiff objected to: (i) No. 14 "to the extent

that it is vague, defective and not susceptible to response because it misstates allegations in

Plaintiff's Amended Complaint"; and (ii) No. 26 "to the extent that it is vague, defective and not

susceptible to response."  The Court found in the September 2, 2020 order that the subpoena was

relevant and not unduly burdensome, and the defendants failed to identify any language in the

order foreclosing the plaintiff's objections based on vagueness.

Concerning the plaintiff's responses to document request Nos. 1-17, the plaintiff objected

to document request: (a) No. 6 "to the extent that documentation responsive to this request have

already been provided and will not be provided again"; (b) Nos. 7 and 8 that he "awaits a ruling

on the filed objection"; (c) No. 9, "to the extent that it seeks documentation concerning payments

made by persons other than Defendants, and as such are irrelevant to the litigation and thus

outside the scope of discovery pursuant to Rule 26(b)"; (d) No. 10 "to the extent that responsive

documents have already been provided and will not be provided again. Furthermore, Plaintiff

objects to this document demand to the extent that it contains an interrogatory"; (e) No. 11 "to

the extent that it seeks documents that do not concern any defendant in this action and are thus

irrelevant and outside the scope of discovery pursuant to Rule 26(b)"; (f) No. 12 "as overbroad

and unduly burdensome to the extent that it seeks documents which have already been provided

and will not be provided again"; and (g) No. 13 "as overbroad and unduly burdensome and to the

extent that it seeks information that is not relevant to the issues of this litigation and are thus

outside the scope of discovery pursuant to Rule 26(b)." Although the September 2, 2020 order

found that the subpoena seeks relevant information and is not unduly burdensome, the

defendants failed to identify any language in the order foreclosing the plaintiff's objections based

on the scope. Where the plaintiff asserted in his responses to the subpoena and in his declaration

in opposition to the motion that he already produced documents responsive to certain document

requests sought by the subpoena, no factual basis exists tending to show a violation of the

September 2, 2020 order without the defendants' showing by clear and convincing evidence that

responsive documents exist that have not been produced by the plaintiff. The plaintiff's

objections to document request Nos. 7 and 8 seeking tax documents on the ground that he is

awaiting resolution of his objections to the September 2, 2020 order, do not violate the

September 2, 2020 order and were not improper. The plaintiff's responses to document requests,

indicating that documents do not exist or are not in his possession, custody or control, and his

declaration under penalty of perjury containing statements to that effect tend to demonstrate the

plaintiff's inability to comply with the document requests rather than a violation of the Court's

September 2, 2020 order.

The defendants assert that the plaintiff "disobeyed the Order by not responding fully to

each of the Discovery Demands, including those demands related to Plaintiff's tax returns." On

October 15, 2020 the defendants filed a letter, Docket Entry No. 74, asserting that the plaintiff

"failed to deliver any tax returns," referencing (a) the October 6, 2020 order affirming the

September 2, 2020 order and directing the plaintiff to produce tax returns by October 9, 2020,

and (b) their motion for sanctions. The plaintiff's attorney responded by a letter dated October

16, 2020, representing to the Court that, in connection with the plaintiff's tax returns, "there were

technical issues with the October 9, 2020 transmission to Defense Counsel due to the large file

size (over 100MB)" but "I have rectified the issue this morning by uploading the file containing

the tax returns to an online server which Defense Counsel has access. . . .  [T]his particular

matter could have been more quickly and easily resolved had Defense Counsel simply

communicated with me on the matter before bringing it to the attention of the Courts."  Docket

Entry No. 75.  In light of the record and under the circumstances of this action, no factual basis

exists tending to show a violation of the September 2, 2020 order in connection with the

plaintiff's disclosure of tax documents.

For the foregoing reasons, the Court declines to certify facts pursuant to 28 U.S.C. §

636(e) to the assigned district judge.

### *Defendants' Motion for Rule 37 Sanctions*

In support of the defendants' motion to compel, Docket Entry No. 45, resolved by the

Court's September 2, 2020 order, their attorney, Aaron H. Pierce ("Pierce) submitted his June

29, 2020 declaration with exhibits, Docket Entry No. 46, stating:

> On May 22, 2019, Defendants served Defendants Combined Discovery Demands.
> See a true and correct copy of Defendants Combined Discovery Demands annexed
> hereto as Exhibit A. On or around February 20, 2020, after Plaintiff failed to
> respond adequately to the previous letters and other correspondences, Defendants
> served a Notice Of Subpoena, Subpoena, and Defendants' Revised Combined
> Discovery Requests directed at Plaintiff, in his capacity as officer of Mark Cox
> Design, Inc. See a true and correct copy annexed hereto as Exhibit E.

Exhibit E, the defendants' February 18, 2020 subpoena, Docket Entry No. 46-5, included

"Defendants' Revised Combined First Set of Interrogatories and Requests for Production of

Documents" consisting of: (a) 27 interrogatories, of which interrogatory Nos. 3, 4, 8, 9, 10,

12(c), 13(b), 13(d), 20, 21, 22 and 25 stated "Intentionally Omitted," without any explanation;

and (b) 17 document requests.  See Docket Entry No. 46-5.

In support of the defendants' instant motion for sanctions, Pierce submitted his

September 18, 2020 declaration with exhibits, Docket Entry No, 63, stating, <u>inter</u> <u>alia</u>:

> On June 29, 2020, Defendants filed a motion to compel (the "Motion") which sought to compel Plaintiff to respond to a subpoena (the "Subpoena"). See true and correct copies of the Notice of Motion along with the Memorandum of Law in Support, and Subpoena annexed hereto as Exhibit C and Exhibit D, respectively. . . . The Subpoena contained the discovery served on Plaintiff on May 22, 2019 (the "Discovery"). See a true and correct copy of the Discovery and the email showing delivery thereof annexed hereto as Exhibit E and Exhibit F, respectively.

Exhibit D to Pierce's declaration, Docket Entry No. 63-5, is a single page document styled

"Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

in a Civil Action," dated February 18, 2020, which does not contain any interrogatories or

document requests.  Exhibit E to Pierce's declaration, Docket Entry No. 63-6, is "Defendants'

Combined First set of Interrogatories and Requests for Production of Documents," dated May

21, 2019.

Pierce's statement in his September 18, 2020 declaration made "under the penalties of

perjury" that the February 18, 2020 "Subpoena contained the discovery served on Plaintiff on

May 22, 2019," is inconsistent with his statement in his June 29, 2020 declaration that:

> On or around February 20, 2020, after Plaintiff failed to respond adequately to the previous letters and other correspondences, Defendants served a Notice Of Subpoena, Subpoena, and Defendants' Revised Combined Discovery Requests directed at Plaintiff, in his capacity as officer of Mark Cox Design, Inc. See a true and correct copy annexed hereto as Exhibit E.

The Court's September 2, 2020 order resolved the defendants' motion to compel the plaintiff to

comply with the February 18, 2020 subpoena, which contained "Defendants' Revised Combined

Discovery Requests," dated February 18, 2020, not "Defendants' Combined First set of

Interrogatories and Requests for Production of Documents," dated May 21, 2019.  As Pierce

explained in his June 29, 2020 declaration, the reason the defendants served the February 18,

15

2020 subpoena containing the February 18, 2020 "Defendants' Revised Combined Discovery Requests" on the plaintiff was that his responses to the May 22, 2019 "Defendants Combined Discovery Demands" were deficient.  Pierce's assertion in his September 18, 2020 declaration that the February 18, 2020 "Subpoena contained the discovery served on Plaintiff on May 22, 2019" is incredible and unsubstantiated, raising serious concerns about the purpose and propriety of the defendants' instant motion.  As it appears from the defendants' motion papers that the defendants seek sanctions in connection with their discovery requests that were not part of the February 18, 2020 subpoena or subject to the Court's September 2, 2020 order, the Court finds that no basis exists to grant the defendants' motion.  Accordingly, granting the defendants' motion for Rule 37 sanctions is not warranted.

***Plaintiff's Motion for 28 U.S.C.A. § 1927 Sanctions***

The plaintiff "seeks an award of sanctions for the frivolous conduct already recognized by this Court," namely, "defense counsel's repeated assertion that Mayan Metzler is not a party to this action."  However, the plaintiff failed to seek sanctions on this ground pursuant to 28 U.S.C.A. § 1927 when it opposed the defendants' motion to compel.  Other than quoting the statute and making conclusory, self-serving assertions, the plaintiff failed, in his memorandum of law, to make citation to any evidence or binding authorities in their support.  The defendants' motion to compel, resolved by the September 2, 2020 order, was not found to be frivolous and the plaintiff failed to demonstrate that counsel multiplied the proceedings in this case unreasonably and vexatiously.  Accordingly, granting the plaintiff's cross-motion for sanctions is not warranted.

## CONCLUSION

For the foregoing reasons, the defendants' motion, Docket Entry No. 62, is denied and

the plaintiff's motion, Docket Entry No. 67, is denied.

Dated:  New York, New York                             SO ORDERED:
        December 18, 2020

_Kevin Nathaniel Fox_

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

17